```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
RANDY BARBOUR, on behalf of himself and all others    :
similarly situated,                                    :
                                                       :  Case No. 25 Civ. 4842
                           Plaintiff,                  :
         - against -                                   :
                                                       :  COLLECTIVE ACTION
BLUFOX MOBILE LLC, and CHAITANYA KRISHNA               :  COMPLAINT
a/k/a CHETAN KRISHNA, an individual,                   :
                                                       :
                           Defendants.                 :
--------------------------------------------------------------------------X
```

## COLLECTIVE ACTION COMPLAINT

Plaintiff Randy Barbour ("Plaintiff"), on behalf of himself and all other similarly situated, by their attorneys, Shavitz Law Group, P.A. and Kessler Matura P.C., complaining of Defendants BluFox Mobile LLC ("BluFox") and Chaitanya Krishna a/k/a Chetan Krishna ("Krishna") (together with BluFox, "Defendants"), allege as follows:

### INTRODUCTION

1. Blufox is a leading retailer of Comcast Corporation's Xfinity products and services.

2. Blufox operates over 100 locations across the eastern United States, which are listed in paragraph 37 below.

3. To drive sales at its retail locations, Blufox employs Store Managers, who are required to regularly work over 40 hours a week.

4. Defendants, however, do not pay their Store Managers overtime wages when they work over 40 hours a week. Rather, Defendants pay Plaintiff and other Store Managers a salary. As a result, Defendants' actions violate the overtime provisions of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*

5. To remedy these violations of the FLSA, Plaintiff bring this action on behalf of himself and all similarly situated current and former Store Managers employed by Defendants within the last three years preceding the filing of this Complaint who elect to opt-in to this action pursuant to the FLSA (the "FLSA Collective"). At the earliest time possible, Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Collective members.

## JURISDICTION & VENUE

6. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*. and 28 U.S.C. § 1331.

7. This Court has jurisdiction over the FLSA claims of the out-of-state FLSA Collective members because, *inter alia*, Defendant Blufox is incorporated in and headquartered in New York, and Krishna, upon information and belief, resides in the state of New York.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Blufox maintains its headquarters at 255 Executive Drive, Plainview, NY 11803 and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff Randy Barbour*

10. Barbour is a resident of the state of Florida.

11. Barbour worked for Blufox as a Store Manager from about August 2022 through March 2023.

12. Barbour regularly worked over 40 hours a week while employed as a Store Manager.

13. Blufox scheduled Barbour to work five days a week.

14. Barbour, generally, worked from open to close each workday.

15. The Port St. Lucie location is generally open from 10:00 am to 9:00 pm each day.

16. Barbour also worked outside his scheduled hours because Blufox store employees and his District Manager regularly contacted him on his days off. He was also required to work six days a week at times.

17. Blufox employed Barbour as a Store Manager at the Port St. Lucie location from about October 2022 through the end of his employment with Blufox.

18. Blufox originally assigned Barbour to work at the now-closed location at 2815 FL-7 #300, Wellington, FL 33414, to shadow another Store Manager.

19. Blufox paid him a salary while employed as a Store Manager, regardless of the number of hours he worked over the course of the week. Barbour did not receive any premium pay for working over 40 hours a week.

20. Barbour's job duties primarily consisted of (a) selling Comcast XFINITY services and products, (b) processing incoming shipments of goods and stocking, (c) helping customers, (d) troubleshooting phones, (e) answering calls, and (f) cleaning.

21. At all times relevant, Barbour was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

***Defendant Blufox Mobile, LLC***

22. Blufox is a domestic limited liability corporation.

23. Blufox is headquartered at 255 Executive Drive, Plainview, NY 11803.

24. Blufox lists 255 Executive Drive, Plainview, NY 11803 as its physical address on its website.

25. Blufox operates over 100 stores across 16 states, including the following locations:

| Location | Address | City | State | Zip Code |
|---|---|---|---|---|
| Canton | 81 Albany Turnpike Suite B | Canton | CT | 06019 |
| Derby | 49 Pershing Dr #6 | Derby | CT | 06418 |
| Middletown | 814 Washington St | Middletown | CT | 06457 |
| Vernon | 35-5 Talcottville Rd | Vernon | CT | 06066 |
| Rehoboth | 36461 Seaside Outlet Dr Suite 1910 | Rehoboth Beach | DE | 19971 |
| Coconut Creek | 4407 Lyons Rd Suite 101A | Coconut Creek | FL | 33073 |
| Durbin Park | 550 Durbin Pavillion Dr Suite G106 | Saint Johns | FL | 32259 |
| Fernandina Beach | 1465 Sadler Road | Fernandina Beach | FL | 32034 |
| Green Acres | 3943 South Jog Road | Green Acres | FL | 33467 |
| Lauderhill | 5931 West Oakland Park Blvd | Lauderhill | FL | 33313 |
| Orange Park | 1340 Blanding Blvd. Suite 100 | Orange Park | FL | 32065 |
| Port St. Lucie | 277 SW Port St. Lucie Blvd | Port St. Lucie | FL | 34984 |
| River City | 840 Nautica Dr Suite 107 | Jacksonville | FL | 32218 |
| Royal Palm | 11021 Southern Blvd Suite 150 | Royal Palm Beach | FL | 33411 |
| Sunrise | 165 NW 136th Avenue | Sunrise | FL | 33325 |
| Tamarac | 5703 N. University Drive | Tamarac | FL | 33321 |
| Brunswick | 217 Village At Glynn Pl | Brunswick | GA | 31525 |
| Bourbonnais | 1690 N. State Route 50 Suite B | Bourbonnais | IL | 60914 |
| Cicero | 2942 South Cicero Unit A | Cicero | IL | 60804 |
| Dekalb | 2565 Sycamore Road | Dekalb | IL | 60115 |
| Evanston | 1608 Sherman Ave | Evanston | IL | 60201 |
| Evergreen Park | 9524 S Western Avenue | Evergreen Park | IL | 60805 |

- 5 -

| Frankfort | 20151 South LeGrange Rd. | Frankfort | IL | 60423 |
| --- | --- | --- | --- | --- |
| Glenview | 2840 Patriot Blvd | Glenview | IL | 60026 |
| Kildeer | 20291 N Rand Rd Suite 113 | Kildeer | IL | 60074 |
| Tinley Park | 15935 Harlem Avenue | Tinley Park | IL | 60477 |
| Uptown | 4401 N Clarendon Ave | Chicago | IL | 60640 |
| Anderson | 4672 S. Scatterfield Rd | Anderson | IN | 46013 |
| Avon | 9773 E US Hwy 36 | Avon | IN | 46123 |
| Columbus | 3051 Columbus Center | Columbus | IN | 47203 |
| Elkhart | 199 County Road 6 W | Elkhart | IN | 46514 |
| Hammond | 1918 165th Street Unit 500 | Hammond | IN | 46320 |
| Muncie | 244 W McGalliard Rd | Muncie | IN | 47303 |
| Richmond | 4706 National Road East | Richmond | IN | 47374 |
| Valparaiso | 2710 Laporte Ave Suite 140 | Valparaiso | IN | 46383 |
| East Boston | 235 Border Street | East Boston | MA | 02128 |
| Hyannis | 793 Iyannough Rd | Hyannis | MA | 02601 |
| Leominster | 975 Merriam Avenue Suite 121 | Leominster | MA | 01453 |
| Roxbury | 286 Blue Hill Ave | Roxbury | MA | 02119 |
| Saugus | 366A Broadway | Saugus | MA | 01906 |
| Weymouth | 106 Main Street | Weymouth | MA | 02188 |
| Bel Air | 5 Bel Air S Pkwy #1635 | Bel Air | MD | 21015 |
| Salisbury | 2618 N Salisbury Blvd #300 | Salisbury | MD | 21801 |
| Towson | 1620 York Rd Unit 101 | Timonium | MD | 21093 |
| Waldorf | 2954 Festival Way Suite A | Waldorf | MD | 20601 |
| Battle Creek | 5466 Beckley Road Suite C | Battle Creek | MI | 49015 |
| Canton (Belleville) | 47170 Michigan Ave | Canton | MI | 48188 |
| Fort Gratiot | 4455 24th Ave Suite 100 | Fort Gratiot | MI | 48059 |
| Inkster | 27195 Cherry Hill Rd | Inkster | MI | 48141 |

| Lansing | 6300 S. Cedar Street | Lansing | MI | 48911 |
| --- | --- | --- | --- | --- |
| Roseville | 26350 Eastgate Blvd | Roseville | MI | 48066 |
| Southfield | 29131 Telegraph Road | Southfield | MI | 48034 |
| Westland | 35745 Warren Rd | Westland | MI | 48185 |
| Ypsilanti | 4039 Carpenter Road Suite 1A | Ypsilanti | MI | 48197 |
| Concord | 74 Storrs S | Concord | NH | 03301 |
| Dover | 861 Central Ave | Dover | NH | 03820 |
| Portsmouth | 1600 Woodbury Ave | Portsmouth | NH | 03801 |
| Salem | 57 Central St b, Salem, NH 03079 | Salem | NH | 03079 |
| Seabrook | 700 Lafayette Rd STE 109 | Seabrook | NH | 03874 |
| West Lebanon | 200 S Main St RS1 | West Lebanon | NH | 03784 |
| Burlington | 1817 Mount Holly Road C2 & C3 | Burlington Township | NJ | 08016 |
| Flemington | 295 Route 202 Unit 1 | Flemington | NJ | 08822 |
| Hillsborough | 315 US-206 Suite 906 | Hillsborough | NJ | 08844 |
| Marlton | 101 S. Route 73 Unit 221 | Marlton | NJ | 08053 |
| Beaver Falls | 216 Chippewa Town Center | Beaver Falls | PA | 15010 |
| Bridgeville | 1597 Washington Pike Unit B-16 | Bridgeville | PA | 15017 |
| Carlisle | 264 Westminster Dr. | Carlisle | PA | 17013 |
| Fox Chapel | 1123 Freeport Road | Pittsburgh | PA | 15238 |
| Hanover | 1150 Carlisle St Suite 6 | Hanover | PA | 17331 |
| Hershey | 1154 Mae Street | Hummelstown | PA | 17036 |
| Indiana, PA | 3100 Oakland Ave Suite 16 | Indiana | PA | 15701 |
| Irwin / N. Huntington | 8961 Route 30 Suite 101-B | Irwin | PA | 15642 |
| Lebanon | 1790 Quentin Road | Lebanon | PA | 17042 |
| North Hills | 4840 McKnight Road Suite B | Pittsburgh | PA | 15237 |
| Plains Township | 1150 PA-315 Blvd Suite A | Plains Township | PA | 18702 |
| Pleasant Hills, PA | 560 Clairton Blvd | Pittsburgh | PA | 15236 |

| | | | | |
|---|---|---|---|---|
| Quakertown | 235 N. West End Blvd. D-4 | Quakertown | PA | 18951 |
| Greeneville | 1331 Tusculum Blvd | Greeneville | TN | 37745 |
| Oak Ridge | 349 S Illinois Ave | Oak Ridge | TN | 37830 |
| Aliana | 10223 Grand Pkwy Suite 103 | Richmond | TX | 77407 |
| Baybrook | 820 W. Bay Area Blvd Suite 750 | Webster | TX | 77598 |
| Bellaire | 5103 Bellaire Blvd Suite 145 | Bellaire | TX | 77401 |
| Cinco Ranch | 23701 Cinco Ranch Blvd Suite 115 | Katy | TX | 77494 |
| Copperfield | 8544 Hwy 6 N | Houston | TX | 77095 |
| Fulshear | 6420 FM 1463 | Fulshear | TX | 77441 |
| Galveston | 2719 61 St Suite B | Galveston | TX | 77551 |
| Gulfgate | 6888 Gulf Fwy Suite 630 | Houston | TX | 77087 |
| Kemah | 153 FM 518 Rd Suite F | Kemah | TX | 77565 |
| Kirby/Rice Village | 5600 Kirby Dr Suite S4 | Houston | TX | 77005 |
| Lake Jackson | 121 TX-332 Ste. G | Lake Jackson | TX | 77566 |
| Memorial City | 9930 Katy Freeway Suite 100 | Houston | TX | 77055 |
| Pearland | 2680 Pearland Pkwy Suite 120 | Pearland | TX | 77581 |
| Sawyer Heights | 1901 Taylor St Suite B | Houston | TX | 77077 |
| Spring | 6625 Spring Stuebner Rd Suite 200 | Spring | TX | 77389 |
| Stafford | 11803 Wilcrest Dr | Houston | TX | 77031 |
| Tomball | 14245 FM 2920 Rd Suite 100 | Tomball | TX | 77377 |
| Wallisville | 15375 Wallisville RD B | Houston | TX | 77049 |
| West Chase | 12602 Westheimer Rd Suite A | Houston | TX | 77077 |
| Chesterfield | 11530 Midlothian Turnpike Suite A | Richmond | VA | 23235 |
| Christiansburg | 2475 N Franklin St | Christiansburg | VA | 24073 |
| Colonial Heights | 1160 Temple Ave | Colonial Heights | VA | 23834 |
| Gainesville | 7355 Atlas Walk Way | Gainesville | VA | 20155 |
| Harrisonburg | 1546 E Market St | Harrisonburg | VA | 22801 |

| Lynchburg | 4010 Wards Rd Suite C | Lynchburg | VA | 24502 |
| Winchester | 2504 S. Pleasant Valley Rd | Winchester | VA | 22601 |
| Martinsburg | 245 Retail Commons Pkwy Ste. C-016 | Martinsburg | WV | 25403 |

26. These locations are centrally controlled by Defendants.

27. Blufox's Store Managers report to the District Managers and Operations Managers.

28. District Managers, among other things:

　a. Oversee the sales performance and operations of multiple retail locations within your assigned district.

　b. Develop and implement strategic sales initiatives to drive revenue growth and exceed targets.

　c. Lead a team of Store Managers and Sales Associates to maximize sales, customer satisfaction, and compliance results.

　d. Collaborate with Store Managers to ensure effective product positioning, account analysis, promotional offers, and customer service.

　e. Recruit, train, and develop Store Managers and Sales Associates.

　f. Implement effective sales channel training and development programs in collaboration with the Leadership & Training team.

　g. Provide ongoing support, coaching, and feedback to enhance team performance.

　h. Work with the Operations team to enhance cost-effectiveness and efficiency of retail operations.

29. District Manager report to Regional Sales Directors, who are responsible for supervision and profitability of all stores in an assigned area.

30. Blufox transfers Store Managers between its locations.

31. Blufox requires certain Store Managers to work at locations that are not their assigned store.

32. At all times relevant, Blufox was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all times hereinafter mentioned, the activities of Blufox constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

34. Upon information and belief, Blufox maintained control, oversight, and direction over its operations and employment practices.

35. At all times hereinafter mentioned, Blufox employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

36. Upon information and belief, at all times relevant, Blufox's annual gross volume of business was not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

37. To facilitate Blufox's expansion efforts, Krishna secured funding from St. Cloud Capital. St. Cloud Capital describes itself as a "a Los Angeles-based private investment firm founded in 2001 that provides debt and equity growth capital to the lower middle market (companies with annual revenues generally between $10 million and $150 million)." *See* St. Cloud Capital Announces, Growth Capital Investment in Blufox Mobile, LLC (July 17, 2024), https://www.stcloudcapital.com/press/st-cloud-capital-announces-growth-capital-investment-in-blufox-mobile-llc/ (last accessed Aug. 18, 2025).

*Defendant Chaitanya Krishna*

38. Chaitanya Krishna is an individual who is also known as Chetan Krishna.

39. Krishna resides in Nassau County, New York.

40. Krishna is also known as Chetan Krishna.

41. Krishna has been involved in the retail mobile-services business for at least 30 years.

42. Krishna has been an owner of businesses in the industry, including as a member of AWI USA LLC, for nearly 20 years.

43. Krishna is a founding partner of Blufox, along with Aditya Krishna.

44. Krishna is the CEO of Blufox.

45. Krishna is an officer of Blufox.

46. Krishna holds himself out as the CEO of Blufox.

47. Krishna has the authority to hire Blufox employees.

48. Krishna has the authority to fire Blufox employees.

49. Krishna has the authority to set and change the wages paid to Blufox employees.

50. Krishna enters into contracts on behalf of Blufox.

51. A phone number associated with Krishna was listed on the paystubs issued to Store Managers by Blufox, by way of ADP.

52. At all times relevant, Blufox was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings the First Cause of Action under the FLSA individually and on behalf of all members of the FLSA Collective who opt-in to this action.

***Similarly Situated Store Managers are Numerous and Should Receive Notice of this Action***

54. Plaintiff and the members of the FLSA Collective, all of whom regularly worked more than 40 hours in a workweek, were employed as Store Managers by Defendants.

55. Upon information and belief, there are more than 200 members of the putative FLSA Collective.

56. Blufox employs a Store Manager at each location.

57. At any given time, Defendants employ about 100 Store Managers.

58. There are numerous similarly situated current and former SMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

59. Similarly situated employees are known to Defendants, readily identifiable, and can be located though Defendants' records.

***The Primary Duties of Store Managers are Non-Managerial***

60. All members of the FLSA Collective primarily performed the same or substantially similar job duties.

61. The primary duties that Plaintiff and the other Store Managers regularly performed include, but are not limited to: (a) selling Comcast XFINITY services and products, (b) processing incoming shipments of goods and stocking, (c) helping customers, (d) troubleshooting phones, (e) answering calls, and (f) cleaning.

62. Management of other Blufox employees is not the primary duty of Plaintiff and other Store Managers.

63. Store Managers, including Plaintiff, spend the vast majority of their working hours on non-managerial duties. Rather, they spend the most time each day engaged in customer service and sales.

64. Store Managers do not have the authority to hire or fire without the authorization or approval of the District Manager.

65. Store Managers cannot give raises to non-exempt store employees.

66. Store Managers stock out and set up the store based on planograms issued by Blufox's District Managers or Operations Managers, which they are not permitted to deviate from.

67. Blufox assigned the work that Plaintiff and the members of the FLSA Collective have performed, or Blufox was aware of the work they performed.

68. The work performed by Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or de minimus.

69. Defendants were or should have been aware that the FLSA prohibited them from requiring their employees to work overtime hours without pay.

70. Upon information and belief, Defendants applied the same policies and practices to their Managers throughout all of their stores.

***Store Managers Work Over 40 Hours a Week***

71. Consistent with Defendants' policy, pattern or practice, Plaintiff and the members of the FLSA Collective regularly worked in excess of 40 hours per workweek without being paid overtime wages.

72. Blufox's job listings for Store Manager openings state that a job qualification for the position includes: "Full Time (min 45 hours), Open Availability." That is, Store Managers

must work full time, for a minimum of 45 hours a week, with open availability to work throughout the week.

73. Blufox failed to keep accurate records of all hours worked by Plaintiff and the FLSA Collective members.

74. Blufox did not require Store Managers to record and report all of their working hours.

75. Blufox, however, knew or should have known that Store Managers worked over 40 hour a week, given, *inter alia*, that Defendants' District Managers scheduled Store Mangers' shifts and were aware that Store Managers were regularly contacted by Defendants' other employees outside their scheduled shifts.

***Defendants Failed to Pay Overtime Wages***

76. Defendants failed to pay Plaintiff and the members of the FLSA Collective overtime compensation for the hours they worked over 40 in a workweek.

77. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and the members of the Putative FLSA Collective to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked. Defendants misclassified Plaintiff and the Putative FLSA Collective members as exempt from the FLSA's overtime pay requirements.

***Defendants Violated the FLSA y***

78. Defendants intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative FLSA Collective. This policy, pattern or practice was authorized, established,

promulgated, and/or ratified by Defendants' corporate headquarters. This policy, pattern or practice includes but is not limited to:

   a. willfully failing to record all the time Plaintiff and the members of the Putative FLSA Collective have worked for the benefit of Defendants;

   b. willfully failing to keep accurate time records as required by the FLSA; and

   c. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours worked in excess of 40 per week consistent with the requirements of the FLSA

79. Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiff and the members of the FLSA Collective an overtime premium for hours worked in excess of 40 hours per workweek.

80. Blufox is a large, sophisticated corporation which is required to and does navigate various federal laws and regulations.

81. Krishna has decades of experience working in, managing, and running businesses in the retail mobile industry.

82. Krishna's related corporations, iMobile, LLC and iMobile USA, LLC, were sued for similar FLSA violations by retail store managers in 2019 and 2022 in the following matters: (a) *Fidelio v. iMobile LLC*, 7:19 Civ. 10417 (S.D.N.Y.); and (b) *Samayoa v. iMobile LLC, et al.*, No. 2:22 Civ. 3389 (E.D.N.Y.).

83. Krishna was involved in the resolution of the *Samayoa* case, including by executing the collective-wide settlement agreement, as the president of the defendants in that case, on June 2, 2022.

## FIRST CAUSE OF ACTION
### FLSA Act – Overtime Wages
(Brought on behalf of Plaintiff and the FLSA Collective)

84. Plaintiff incorporates by reference all preceding allegations.

85. Defendants engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

86. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Ex. A (Consents).

87. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

88. Defendants failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

89. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

90. Defendants were aware or should have been aware that Plaintiff and the FLSA Collective were working over 40 hours a week without overtime pay.

91. Defendants were aware or should have been aware that Plaintiff and the FLSA Collective were entitled to overtime pay.

92. Defendants knew or should have known that it was required to pay their Store Managers for all hours worked.

93. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

95. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages under the FLSA;

C. Liquidated damages;

D. Designation of Plaintiff as a representative of the FLSA Collective;

E. Pre-judgment interest and post-judgment interest as provided by law;

F. Appropriate equitable and injunctive relief to remedy violations;

G. Attorneys' fees and costs of the action;

H. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under FLSA;

      I.      Reasonable incentive awards for Plaintiff to compensate him for the time he spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so; and

      J.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York  
       September 2, 2025

Respectfully submitted,

*/s/ Garrett Kaske*

Troy L. Kessler  
Garrett Kaske  
**KESSLER MATURA, P.C.**  
534 Broadhollow Road, Suite 275  
Melville, NY 11747  
Telephone:   (631) 499-9100  
tkessler@kesslermatura.com  
gkaske@kesslermatura.com

Gregg I. Shavitz*  
Camar R. Jones*  
**SHAVITZ LAW GROUP, P.A.**  
981 Yamato Road, Suite 285  
Boca Raton, Florida 33431  
Telephone:   (561) 447-8888  
Facsimile:   (561) 447-8831  
gshavitz@shavitzlaw.com  
cjones@shavitzlaw.com  
*to apply for admission *pro hac vice*

***Attorneys for Plaintiff and the Putative FLSA Collective***

# Exhibit A

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against my current/former employer, Blufox Mobile LLC and/or any related entities or individuals ("Blufox"), for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. During the past three years, there were occasions when Blufox failed to pay me for overtime wages and for all hours worked in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

3. I designate my counsel, Kessler Matura P.C. and Shavitz Law Group, P.A., to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Blufox and/or any related entities potentially liable.

Date: 08 / 11 / 2025

Signature: *R. Barbour*

Print Name: Randy Barbour

Doc ID: a34706c6fc2d1603f5ab7946dc9dd079059b12f2